UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

PHILLIP L. HORRELL,
        Plaintiff,

v.        09-cv- 2112

TIMOTHY MENARD and )
JEAN RICHMOND,
        Defendants.

MEMORANDUM OPINION AND ORDER

      Before the court are Defendants' summary judgment motion [45], Plaintiff's response [54] and Defendants' reply [57].

Background

      On April 16, 2009, Plaintiff Phillip Horrell filed the instant action. He alleges in this action that Defendants denied him adequate medical treatment while he was an inmate at the Jerome Combs Detention Center ("JCDC") in Kankakee County. Specifically, Horrell claims that Defendants Jean Richmond and Timothy Menard, who were employed as a nurse and physician's assistant, respectively, at the JCDC, refused to treat his Hepatitis C and withheld his psychiatric medication. He brings a claim for money damages pursuant to 42 U.S.C. § 1983 against Defendants in their individual capacities. Defendants assert that they are entitled to summary judgment on two grounds: (1) Horrell failed to exhaust administrative remedies prior to filing this lawsuit as required by the Prison Litigation Reform Act; and (2) there are no genuine issues of material fact showing that Defendants were deliberately indifferent to any serious medical need.

Standard

      Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any discrepancies in the factual record should be evaluated in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

"Summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2000). "If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e). A party opposing summary judgment bears the burden to respond, not simply by resting on its own pleading but by "set[ting] out specific facts showing a genuine issue for trial." See Fed. R. Civ. P. 56(c). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "If [the nonmovant] does not [meet his burden], summary judgment should, if appropriate, be entered against [the nonmovant]." Fed. R. Civ. P. 56(e). Further, "[t]he plaintiff cannot merely allege the existence of a factual dispute to defeat summary judgment …. Instead, he must supply evidence sufficient to allow a jury to render a verdict in his favor." *Basith v. Cook County*, 241 F.3d 919, 926 (7th Cir. 2001). Specifically, the non-moving party "must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial." *Filipovic v. K&R Express Systems, Inc.*, 176 F.3d 390, 390 (7th Cir. 1999). Failure by the non-movant to meet all of the above requirements subjects him to summary judgment on his claims.

Affidavits must be based on the personal knowledge of the affiant and "set out *facts* that would be admissible in evidence." Fed. R. Civ. P. 56(c)(4) (emphasis added). Personal knowledge may include inferences and opinions drawn from those facts. *Visser v. Packer Eng. Assoc., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991). "But the inferences and opinions must be grounded in observation or other first-hand personal experience. They must not be based on flights of fancy, speculations, hunches, intuitions or rumors remote from that experience." *Visser*, 924 F.2d at 659. It is also well settled that "conclusory allegations and self-serving affidavits, if not supported by the record, will not preclude summary judgment. Keri v. Barod of Trustees of Purdue University, 458 F.3d 620, 628 (7th Cir.2006)(*citing Haywood v. N. Am. Van Lines, Inc.,* 121 F.3d 1066, 1071 (7th Cir.1997).

Discussion and Conclusion

The Prison Litigation Reform Act ("PLRA") provides that "no action shall be brought with respect to prison conditions under Section 1983 ... by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To this extent, the PLRA seeks to afford correctional officials time and opportunity to address complaints internally before allowing the initiation of a lawsuit. *See Woodford v. Ngo*, 548 U.S. 81, 93, 126 S. Ct. 2378 (2006). Thus, two main objectives are satisfied: (1) the jail is allowed to correct its own mistakes before being haled into court and (2) the claim may be resolved much more quickly and economically. *See id.* at 89. To exhaust administrative remedies, an inmate must file complaints and appeals in the place and at the time required under the prison's administrative rules. *See Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Such exhaustion is mandatory. *See Woodford*, 548 U.S. at 85. The inmate is

required to give the prison administration an opportunity to fix the problem or to reduce the dangers complained of. *See Pozo*, 286 F.3d at 1024. Even when the inmate is seeking only money damages, he must first exhaust all administrative remedies prior to filing suit. *See Booth v. Churner*, 121 S. Ct. 1819 (2001)).

Defendants provided 55 facts, but for purposes of this order, the only fact the court needs to consider is their fact listed as Fact Number 54. In that fact, the defendants state that Horrell filed only three grievances while housed at JCDC; he submitted one each to Chief Mike Downey and Assistant Chief Carl Brown on May 19, 2009, regarding Hepatitis C treatment, and one to Chad Kolitwenzew, also in May of 2009, regarding Hepatitis C treatment. *See* Ex. A, Horrell Dep., pp, 152-155, 159-160; Ex. B, Downey Aff., ¶¶ 7, 8; May 17, 2009 Grievances. (Exhibits can be found attached to the Defendants's Statements of Facts at docket 47.) The court notes that these grievances were all filed after the plaintiff filed his lawsuit.

In his response [54] to Defendants' motion for summary judgment, Plaintiff argues that he has exhausted all administrative remedies. Horrell claims that he filed seven "grievances" regarding not receiving psychotropic medication and Hepatitis C treatment. He attaches as support several Sick Call Slips that he submitted to the Jerome Combs Detention Center's (JCDC) medical department. Horrell admits that these sick calls slips were addressed to medical on medical forms (*See* Pl.'s Resp. to Defs.' Stmt. Facts ¶ 54 ). These slips, however, are not accepted under the grievance procedure at the JCDC because they are submitted directly to the medical department and are not seen by administration (Ex. H, Downey Affidavit, ¶ 3). The JCDC grievance procedure specifies that grievances are to be submitted only on grievance forms (Id. ¶ 2). Horrell's Sick Call Slips, therefore, do not raise a genuine issue of material fact relative to the exhaustion of administrative remedies, and Defendants are entitled to summary judgment. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (the Seventh Circuit takes a strict compliance approach to exhaustion).

Further, Chief Downey testified that he did not receive any grievances from Horrell regarding psychotropic medications and that none are contained in his jail file (Ex. B, Downey Affidavit, ¶ 8). The grievances are written in triplicate form and Horrell is presumed to have kept his copies. Because there is no record before this court of Horrell ever submitting a grievance regarding his psychotropic medication, and because Horrell did not submit a grievance regarding Hepatitis C treatment prior to initiating this lawsuit, Defendants are entitled to summary judgment. Further, regarding the Hepatitis C issue, Horrell claims that the initiation of his lawsuit had no effect on how the grievances were handled. Horrell fails to acknowledge, however, Defendants' arguments relative to the necessary timing of the grievance procedure relative to litigation. The administrative grievance procedure must be completed before the suit is filed; completion after suit is filed is insufficient. *See Perez v. Wisc. Dep't of Corrs.*, 182 F.3d 532, 535 (7th Cir. 1999). Because Horrell initiated this lawsuit before he gave the administration an opportunity to address the issue of Hepatitis C treatment, Horrell failed to exhaust the

administrative remedies that were available to him at the JCDC and Defendants are entitled to summary judgment.

It is therefore ordered:

1. The defendants' motion for summary judgment [45] is allowed. The clerk of the court is directed to enter judgment in favor of the defendants and against the plaintiff pursuant to Fed. R. Civ. P. 56. The case is terminated in its entirety. The parties are to bear their own costs.
2. If the plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal. Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate a strike under 28 U.S.C. 1915(g).

Enter this 19th day of July 2011.

/s/ Michael P. McCuskey
_____
Michael P. McCuskey
Chief United States District Judge